UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT CHANDLER,

        Plaintiff,

v.

IONIA CORRECTIONAL
FACILITY et al.,

        Defendants.
_____/

Case No. 1:18-cv-650

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. The events about which he complains occurred at that facility. Plaintiff sues ICF; Correctional Officers Unknown Tucker,

Unknown Hawn, and Unknown Perkins; Deputy Warden Unknown Miniard; and Warden Unknown Christiean.

Plaintiff makes no specific allegation against any of the named Defendants. Instead he makes general statements about the "facility" or a collective "they." (Compl., ECF No. 1, PageID.3.) The facility harasses inmates and covers it up. (*Id.*) They do not process grievances. They take food and set up inmates with threatening behavior misconducts. (*Id.*) They provoke inmates to act out. (*Id.*) The only additional information regarding the nature of Plaintiff's claims appears in the kites, grievances, misconduct reports, and misconduct hearing reports he attaches to the complaint.

Plaintiff asks the Court to look into the matter. (*Id.*, PageID.5.)

This is the first of six complaints Plaintiff filed in this Court during June and August of 2018. *See Chandler v. Morris*, No. 1:18-cv-685 (W.D. Mich.); *Chandler v. Ionia Corr. Facility et al.*, No. 1:18-cv-686 (W.D. Mich.); *Chandler v. Perkins et al.*, No. 1:18-cv-857 (W.D. Mich.); *Chandler v. Moull et al.*, 1:18-cv-858 (W.D. Mich.); *Chandler v. Wells et al.*, 1:18-cv-871 (W.D. Mich.). There was a deficiency in Plaintiff's request for leave to proceed *in forma pauperis*. (Deficiency Order, ECF No. 4.) Because of the time it took Plaintiff to address that deficiency, this first complaint is the last to be resolved. Each of Plaintiff's later complaints have been dismissed for failure to state a claim. The later complaints raise the same issues raised in Plaintiff's first complaint against many of the same Defendants. Only Defendants Miniard and Christian are unique to this case.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679; *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Moreover, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not identify a specific right that Defendants have violated; however, his

complaints about the misconduct hearings and grievance handling suggest Plaintiff is raising concerns about his right to due process, a right guaranteed by the Fourteenth Amendment.

### A. Improper Party

The Ionia Correctional Facility is not an entity separate from the MDOC. It is one of several "buildings used by the MDOC to house prisoners." *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013). A specific correctional facility is "not the proper public entity for suit." *Id.*; *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983."); *Belcher v. Ottawa County Adult Corr. Facility*, No. 1:09-cv-173, 2009 WL 1163412, at *2 (W.D. Mich. Apr. 28, 2009) ("The Ottawa County Adult Correctional Facility is a building, not an entity capable of being sued in its own right."). Accordingly, the Court will dismiss Defendant ICF.

### B. Immunity

The MDOC is not a proper substitute for the Ionia Correctional Facility. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v.*

*Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

### C. The Individual Defendants

Plaintiff's claims against the individual Defendants fare no better.

#### 1. Defendant Miniard

A plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). There is no mention of Defendant Miniard in the complaint or the documents Plaintiff has attached to the

5

complaint. Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint against Defendant Miniard must be dismissed.

2. Defendant Christiean

Plaintiff also fails to make specific allegations against Defendant Christiean; however, Defendant Christiean's name does appear in the attachments to Plaintiff's complaint, but only as a person who has responded to and denied Plaintiff's grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Christiean engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

### 3. Defendants Tucker, Hawn, and Perkins

In *Chandler v. Perkins et al.*, No. 1:18-cv-857 (W.D. Mich.), Plaintiff raised the same claims—claims for harassment, false misconducts, and grievance interference against Defendants Tucker, Hawn, and Perkins—that he raises in this case (plus some additional Eighth Amendment claims). Plaintiff represents in the later case that it raises the same issues that Plaintiff raised in this case. *Chandler v. Perkins et al.*, No. 1:18-cv-857 (W.D. Mich.) (Compl, ECF No. 1, PageID.1) ("Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? It's the same issues . . . ."). Plaintiff indicates that he filed the claims again based on the erroneous assumption that the first case had already been dismissed. (*Id*.) The later case was dismissed for failure to state a claim, even though Plaintiff's allegations in that case were significantly more detailed than in this case. *Chandler v. Perkins et al.*, No. 1:18-cv-857 (W.D. Mich.) (Op. & J., ECF Nos. 7, 8.)

The doctrine of res judicata, also called claim preclusion, means a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "'[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id*. (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. That special circumstance is present in this case.

*Chandler v. Perkins et al.* resulted in a final judgment on the merits. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc*., 452 U.S. at 399 n.3. "[A] federal judgment becomes final for . . . claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States*, 537 U.S. 522, 527 (2003). Thus the judgment in *Chandler v. Perkins et al.,* is final.

Because the *Chandler v. Perkins et al.* judgment is final, it operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen,* 449 U.S. at 94; *accord Federated Dept Stores, Inc*., 452 U.S. at 398. All of the elements that raise the bar are present here. Accordingly, Plaintiff's action is barred by res judicata. Thus, it is properly dismissed as legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. . . . [A] completely duplicative complaint lacks an arguable basis in law or in fact and . . . [is] properly dismissed on the basis of res judicata."); *Murray v. Reed*, No. 02-2458, 2003 WL

21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Gwyddioniaid v. O'Neil*, No. 88-6436, 1989 WL 68601 (6th Cir. June 26, 1989) (same).

Accordingly, Plaintiff's duplicative claims against Defendants Tucker, Hawn, and Perkins are properly dismissed.

### D. Due Process and Administrative Grievances

Even if the Court considered Plaintiff's allegations on the merits, his complaint would be properly dismissed. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct in failing to process Plaintiff's grievances to his satisfaction did not deprive him of due process.

### E. Due Process and Major Misconduct Hearings

Plaintiff claims that the major misconduct charges against him were "false." A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must

follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major

10

misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Plaintiff has not identified any significant deprivation arising from his convictions. Although some restraints to may qualify as atypical if imposed for punitive reasons on a misconduct conviction, the detention and loss of privilege restraints imposed on Plaintiff are not significant, atypical deprivations under Sandin. Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss any state law claims without prejudice because it declines to exercise supplementary jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g), Plaintiff's sixth such dismissal.

A Judgment consistent with this Opinion will be entered.


Dated:   September 28, 2018                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge